UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-1624-JLS-DFMx                    Date: November 06, 2017
Title: Raymond J. Potlongo, et al., v. Herff Jones, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                       Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER (1) GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (Doc. 18); AND (2) ENTERING PRELIMINARY INJUNCTION**

Before the Court is a Motion for Preliminary Injunction filed by Plaintiffs Raymond J. Potlongo, Jr. and Grads R Us, Inc. (Mot., Doc. 18.) Defendant Herff Jones opposed, and Potlongo[1] replied. (Opp., Doc. 24; Reply, Doc. 27.) Having read and considered the parties' briefs and having heard oral argument, the Court GRANTS Potlongo's Motion.

**I.    BACKGROUND**

This dispute arises from a contract between Potlongo and Herff Jones. Potlongo began working for Herff Jones as a sales representative in California in or about December 1984. (FAC ¶ 18, Doc. 12.) Potlongo is the sole controlling shareholder of Grads R Us, Inc., a company through which he served as a Herff Jones sales representative. (Potlongo Decl. ¶ 3, Doc. 20.)

On August 18, 2014, the parties signed a "Sales Representative Agreement." (Potlongo Decl. Ex. 1, Doc. 20-1, "the Agreement".) According to the Agreement, the job of a sales representative is to solicit orders for certain Herff Jones products in a territory assigned by Herff Jones. (*Id.* ¶ 1.1) Herff Jones retains the right to modify or

---
[1] Unless otherwise specified, "Potlongo" shall refer to both Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-1624-JLS-DFMx                                           Date: November 06, 2017
Title: Raymond J. Potlongo, et al., v. Herff Jones, et al.

amend the territory, and the sales representative has no right to conduct business with any Herff Jones customer outside of the assigned territory.  (*Id. ¶* 3.1)  Nor may a sales representative sell any product that competes with a Herff Jones product.  (*Id. ¶* 1.1)  In exchange for selling Herff Jones' products, the sales representative earns a commission.  (*See Id. ¶¶* 5-7.)

At issue in this litigation is Section 11 of the Agreement, "Option to Purchase Business."  This section purports to give Herff Jones the "first right and option to purchase . . . a) Representative's business of the representation of the Products, including the goodwill associated therewith, and the solicitation of sales thereof, (hereinafter "Business")."  (*Id*. ¶ 11.1.)  Section 12, "Covenant Not to Compete," states that "[i]n consideration of Company's purchase of Representative's business," the representative will covenant not to compete for the four years following the purchase, including three years during which the representative would receive territory commission splits and one additional year.  (*Id*. ¶¶ 11.1-11.3, 12.1.)

On June 15, 2017, Potlongo gave notice to Herff Jones of his resignation.  (FAC ¶ 21.)  On August 11, 2017, Potlongo received a letter from Herff Jones informing him that it "elect[ed] to exercise its right to purchase [Potlongo's] business as defined in Paragraph 11 of the Sales Representative Agreement."  (Potlongo Decl. Ex. 4, Doc. 20-4.)

The Agreement contains an arbitration clause and a choice of law clause.  The Arbitration Agreement provides as follows:

a) Arbitration: Except for the disputes described in paragraph (B) of this section 20, any and all controversies, disputes, claims or ambiguities arising out of or related to this Agreement will be exclusively resolved through arbitration.  Such arbitration shall be conducted in Marion County, Indiana . . .

b) Judicial Resolution: In the event of any dispute, controversy or claims arising from Representative's obligations to Company after the termination of this Agreement or any consulting arrangement established pursuant to paragraph 11 of this Agreement, then the Representative and Company agree that non-monetary equitable relief may be sought to resolve such matter (but only such matter); each party shall have the right to file such claim for equitable relief in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-1624-JLS-DFMx                                    Date: November 06, 2017
Title: Raymond J. Potlongo, et al., v. Herff Jones, et al.

any court that has jurisdiction of both the parties and the dispute; filing and/or obtaining such relief shall not prevent the prevailing party from also seeking monetary relief through arbitration."

(Agreement ¶ 20.1.)  The choice of law clause states that the "validity, interpretation and performance of this Agreement shall be governed by the laws of the State of Indiana." (*Id*. ¶ 20.2.)

Herff Jones filed a demand for arbitration in Indiana on September 5, 2017. (Kaiser Decl. Ex. A, Doc. 26-1.)  The demand includes seven counts against Potlongo: (1) breach of contract as to disclosure of information; (2) breach of contract as to option to purchase business; (3) breach of contract as to solicitation of Herff Jones customers; (4) breach of contract as to non-competition; (5) breach of contract as to money owed; (6) misappropriation of trade secrets; and (7) conversion.  (*Id*.)  The arbitration complaint requests both monetary and injunctive relief.  (*Id*.)  Potlongo filed a complaint in Orange County Superior Court on September 13, 2017, which Herff Jones removed to federal court on September 18, 2017.  (Compl., Doc. 1-1; Notice of Removal, Doc. 1.)  The complaint alleges two causes of action: for declaratory relief that sections 11 and 12 of the Agreement are void and unenforceable, and for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

Potlongo now moves for a preliminary injunction against Herff Jones.  (Mot.)

## II.   LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 676 (2008) (internal quotations marks omitted).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex v. Camenisch*, 451 U.S. 390, 395 (1981).  A district court should issue a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  This requires the district court to make findings of fact and conclusions of law.  *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1157 (9th Cir. 2007); s*ee also Hicks v. Neal*, No. C 12-2207 SI (pr), 2012 WL 3791399, at *3 (N.D. Cal. Aug. 31,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:17-cv-1624-JLS-DFMx | Date: November 06, 2017 |
| Title: Raymond J. Potlongo, et al., v. Herff Jones, et al. | |

2012) ("In other words, the movant has to demonstrate, not merely allege, his entitlement to a preliminary injunction. . . . [A]llegations that may be sufficient for pleading purposes simply are not enough to prove his entitlement to a preliminary injunction.").

"[T]he party seeking the injunction . . . bear[s] the burden of demonstrating the various factors justifying preliminary injunctive relief . . . ." *Granny Good Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 441 (1974). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. This "requires the plaintiff to make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

### III. DISCUSSION

As a preliminary matter, the Court declines Herff Jones' suggestion to refrain from ruling on this matter until after it considers Herff Jones' Motion to Dismiss.

#### A. Choice of Law

Before turning to the merits of the preliminary injunction, the Court addresses whether to apply Indiana or California law. "Federal courts sitting in diversity look to the law of the forum state when making choice of law determinations." *Hoffman v. Citibank (S.D.), N.A.*, 564 F.3d 1078, 1082 (9th Cir. 2008) (per curiam). Under California choice-of-law rules, "generally speaking the forum will apply its own rule of decision unless a party litigant timely invokes the law of a foreign state." *Hurtado v. Super. Ct.*, 114 Cal. Rptr. 106, 110 (Cal. 1974). Here, the Agreement specifies that disputes will be governed by Indiana law. (Agreement ¶ 20.2.)

In assessing the enforceability of a choice-of-law provision, California courts follow the approach of section 187(2) of the Restatement (Second) of Conflict of Laws. *Id.* Under that approach, the proponent of the choice-of-law provision bears the burden of showing that the chosen state "has a substantial relationship to the parties or their transaction" or that "there is any other reasonable basis for the parties' choice of law." *Id.*

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-1624-JLS-DFMx                                          Date: November 06, 2017
Title: Raymond J. Potlongo, et al., v. Herff Jones, et al.

If either of these tests is met, the choice-of-law provision will be enforced "unless the other side can establish both that the chosen law is contrary to a fundamental policy of California and that California has a materially greater interest in the determination of the particular issue." *Id.*, 24 Cal. 4th at 917.  Potlongo does not dispute that the chosen state has a substantial relationship to the transaction, as Herff Jones is an Indiana company. (Mem. at 9; Opp. at 2.)  He asserts that "the chosen law of Indiana contravenes the fundamental public policy embodied in" California state law on non-compete agreements.

California courts have regularly declined to apply choice-of-law provisions when doing so contravenes California Business & Professions Code section 16600, which declares that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." *See, e.g.*, *Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 20 Cal. App. 3d 668, 673) (1971) (holding that "section 16600 does represent 'strong public policy'" of California and declining to apply a New York choice-of-law provision); *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881, 900 (1998) (collecting cases); *Scott v. Snelling and Snelling, Inc.*, 732 F. Supp. 1034, 1041 (N.D. Cal. 1990) (applying California law to enforceability of covenant restricting competition with regards to franchise agreement).

Herff Jones argues that Indiana and California law do not fundamentally conflict.  Indiana law allows for non-competition restrictions if they are "reasonable with respect to the legitimate interests of the employer, restrictions on the employee, and the public interest." *Pathfinder Comm'cns. Corp. v. Macy*, 795 N.E.2d 1103, 1109 (Ind. Ct. App. 2003).  Herff Jones contends that both California and Indiana law allow for non-competition agreements when there is a transfer of goodwill: section 16601 creates a carveout to the general law prohibiting such agreements in limited circumstances, and Indiana courts have upheld non-competition agreements supported by a transfer of goodwill.  *See* Cal. Bus. & Prof. Code section 16601; *Licocci v. Cardinal Associates, Inc.*, 445 N.E.2d 556 (Ind. 1983) (upholding non-competition agreement where there was a "protected interest" in "the business advantage which may attend a salesman's close contact with a customer" and "the potential of repeat business").  (Opp. at 12.)  In this case, however, the parties dispute whether there was a legitimate transfer of goodwill, and the Court concludes below that Potlongo shows a likelihood of success on that issue.

**CIVIL MINUTES – GENERAL**                               5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-1624-JLS-DFMx                             Date: November 06, 2017
Title: Raymond J. Potlongo, et al., v. Herff Jones, et al.

Hence, the fact that both Indiana and California would enforce a reasonable non-compete agreement in the context of the sale of goodwill is of no moment. In short, the Court concludes that California and Indiana law conflict as to their evaluation of non-competition restrictions. California has a "deeply rooted public policy favoring open competition," to which Cal. Bus. & Prof. Code section 16601 presents a narrow exception. *Hill Medical Corp. v. Wycoff*, 86 Cal. App. 4th 895, 903 (2001). Indiana law instead employs a balancing test and applies a reasonableness analysis that is strictly disallowed under California law. *In re Gault S. Bay Litig.*, No. C 07-4659-JW, 2008 WL 4065843 at *4 (N.D. Cal. Aug. 27, 2008) (citing *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937 (Cal. 2008)). The Court concludes that Indiana law is contrary to fundamental California policy.

The Court also concludes that California has a materially greater interest than Indiana in the outcome of this dispute.

> To determine which state has a materially greater interest in resolution of an issue, a court may consider (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, (5) the domicile, residence, nationality, place of incorporation and place of business of the parties, (6) the impact of the transaction on the state or its citizens, and (7) the extent to which the state has sought to regulate the issue.

*In re Gault S. Bay Litig.,* at *4 (citations omitted). In this case, although the Agreement purports to have been executed in Indiana and Herff Jones is domiciled in Indiana, the majority of the factors indicate that California has a greater interest in this contract. The performance of the contract and its subject matter were both in California, and the party subject to the non-compete clause is a California resident. Moreover, California has placed much greater emphasis on regulation of non-compete provisions than has Indiana, and California "has an interest in protecting its [workers] from anticompetitive conduct by an out-of-state [company], including litigation based on a non-compete provision." *Id.* at *5 (citations omitted). Accordingly, the Court concludes that California has a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-1624-JLS-DFMx							Date: November 06, 2017
Title: Raymond J. Potlongo, et al., v. Herff Jones, et al.

materially greater interest in resolving this controversy than does Indiana, and will therefore apply California law.

### B. Likelihood of Success on the Merits

A party seeking a preliminary injunction must establish that it is "likely to succeed on the merits." *Winter*, 555 U.S. at 20.  Potlongo's complaint includes claims for both declaratory relief and violation of the Unfair Competition Act, Cal. Bus. & Prof. Code § 17200; his motion makes arguments on the likelihood of success prong only as to the claim for declaratory relief.  (FAC ¶¶ 45 – 69; Mem. at 9-17, Doc. 19.)

Section 16601's "sale of business" exception to the general rule that non-compete provisions are void applies only in the following limited circumstances: (1) when there is a sale of the goodwill of a business; (2) where an owner of a business entity sells or otherwise disposes of all of his or her ownership in the business entity; or (3) where an owner of a business entity sells "all or substantially all of its operating assets" of the entire business or a subsidiary thereof together with the goodwill of the business entity.  Cal. Bus. & Prof. Code § 16601.  California courts have consistently interpreted this exemption narrowly.  In *Bosley Medical Group v. Abramson*, the court held that "the Legislature . . . intended to permit noncompetition agreements only in situations in which the transfer of 'all' of the owner's shares involves a substantial interest in the corporation so that the owner, in transferring 'all' of his shares, can be said to transfer the goodwill of the corporation." 161 Cal. App. 3d 284, 290 (1984).  The court concluded that, where an independent contractor was forced to buy nine stocks (a relatively small proportion) in a business by means of a promissory note for the stated purpose of providing "an additional incentive," the purchase was "a sham created to avoid the prohibition of section 16600." *Id*. at 292.

As to whether a party transferred goodwill, "there must be a clear indication that in the sales transaction, the parties valued or considered goodwill as a component of the sales price." *Hill Medical Corp.*, 86 Cal. App. 4th at 903.  "In analyzing whether parties had intended goodwill to be a part of the consideration in the sale of stock, all aspects of the sales arrangement should be evaluated." *Id*. at 904.  And in the context of a franchise relationship, a court found that no transfer of goodwill sufficient to support the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:17-cv-1624-JLS-DFMx | Date: November 06, 2017 |
| Title: Raymond J. Potlongo, et al., v. Herff Jones, et al. | |

application of section 16601 existed: although the franchisee "leased" the company's goodwill, "the franchisor continue[d] to benefit from its goodwill through the franchise relationship, something that would not normally continue after a sale." *Scott v. Snelling & Snelling*, 732 F. Supp. at 1041.

The Court concludes that there was neither the sale of a business nor a transfer of goodwill to trigger the section 16601 exception. As to the sale of a business, Potlongo was simply assigned certain schools within a territory to which he could sell certain Herff Jones' products. For the purpose of the non-compete provision, the Agreement defines Potlongo's business as the "business of the representation of the Products." (Agreement, ¶ 11.1.) The Agreement then purports to give Herff Jones an option to buy that business whenever the sales representative relationship is terminated. As in *Bosley*, this is clearly a sham transaction. An assignment to a sales representative to sell to particular schools within a territory does not constitute a "business." This definition of "business" is outside of, and broader than, the plain language of section 16601, which describes the sale of "business entities" and ownership interests therein. Defining a sales representative's territory as an exclusive "book of business," as Herff Jones asks the Court to do, would mean that *any* company could enforce non-competition agreements against its sales representatives simply by defining their job duties as a "business" that can be purchased upon their departure. As noted in *Bosley*, interpreting section 16601 in this fashion would lead to a "mischievous and absurd result" 161 Cal. App. 3d at 291, and is not in alignment with California law.

Likewise, there was no transfer of goodwill to support an exception to the prohibition on non-compete agreements. First and foremost, as Potlongo acted as a sales representative *for* Herff Jones, Herff Jones always owned the goodwill in the territory to which Potlongo sold Herff Jones products. That goodwill cannot, as a matter of law, be transferred back and forth between Herff Jones and its sales representatives. *See, e.g.*, *Golden State Linen Service, Inc. v. Vidalin*, 69 Cal. App. 3d 1, 10-11 (Cal. Ct. App. 1977).[2] Indeed, Herff Jones' Agreement explicitly acknowledges that the goodwill

---

[2] Herff Jones argues that its sales representatives developed goodwill with school administrators, but that the development of goodwill was not done "solely on [Herff Jones'] behalf." (Opp. at 16.) Herff Jones states that sales representatives were able to sell bundled products with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-1624-JLS-DFMx  Date: November 06, 2017
Title: Raymond J. Potlongo, et al., v. Herff Jones, et al.

generated by the sales representative belongs to Herff Jones. *See* Agreement, ¶ 11.4 ("[Herff Jones'] goodwill depends upon Representative's rapport and regular contact with the customers. In order to preserve [Herff Jones'] goodwill, Representative agrees to render such services regarding his unique position as [Herff Jones] deems necessary for the orderly transfer of Representative's business and for the maximum retention of the customers and their goodwill toward [Herff Jones.]"). In short, Herff Jones does not seek to *buy* the goodwill that would otherwise belong to Potlongo. Rather, Herff Jones recognizes that its sales representatives use their skill and abilities to generate goodwill for Herff Jones, and Herff Jones seeks to prevent any sales representative from leaving to do the same thing for a competitor.

The Court concludes that the facts of Potlongo's case are sufficiently analogous to those in *Bosley* and *Scott* to establish that he has a likelihood of success on the merits.

### C. Irreparable Harm

A party seeking a preliminary injunction must establish that he is "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (citing *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)).

Potlongo explains that he has worked in this industry for the past 33 years and has no other way to earn a living or support his family. (Potlongo Decl. ¶ 19.) If Defendants can enjoin him for four years, he argues, he will have no livelihood. (Mem. at 22.) Herff Jones characterizes this injury as purely monetary. (Opp. at 15.)

The Court concludes that Potlongo's loss of livelihood and ability to support his family constitute irreparable harm. Herff Jones is correct that any lost income could be remedied through an award of money damages. Potlongo's loss of ability to pursue his

---

Herff Jones products, but does not argue that Plaintiffs ever did so. Potlongo states that he sold Herff Jones products while wearing Herff Jones-branded clothing and using Herff Jones-branded promotional materials. (Potlongo Decl. ¶¶ 11-12.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:17-cv-1624-JLS-DFMx | Date: November 06, 2017 |
| Title: Raymond J. Potlongo, et al., v. Herff Jones, et al. | |

chosen livelihood, and the means by which he has supported his family for decades, however, does not have an adequate remedy at law.  California courts and courts in the Ninth Circuit have held that loss of livelihood may constitute irreparable harm.  *See, e.g.*, *Barajas v. City of Anaheim*, 15 Cal. App. 4th 1808, 1812 n2 (Cal. Ct. App. 1993) (enjoining enforcement of ordinance where plaintiffs would lose their ability to work as street vendors and noting that they would "have no adequate remedy at law . . . loss of their livelihoods, in whole or in part, would be extremely difficult to evaluate in terms of damages"); *Costa Mesa City Employees' Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298, 308 (Cal. Ct. App. 2012) (upholding trial court finding of irreparable injury where injury was plaintiffs' "serious danger of losing their livelihoods"); *Robinson v. Jardine Ins. Brokers Intern. Ltd.*, 856 F. Supp. 554, 559 (N.D. Cal. 1994) (holding that plaintiff's claims of being "prevented from pursuing his livelihood by competing freely in the insurance business" showed a possibility of immediate and irreparable harm); *Greenberg v. Guzman*, No. CV 14-00866-BRO, 2014 WL 12596551 at *4, *5 (C.D. Cal. July 28, 2014) (recognizing loss of livelihood as an irreparable injury);  *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073 (9th Cir. 2014) (holding that "[t]he loss of 'an ongoing business representing many years of effort and the livelihood of its [owners] constitutes irreparable harm'") (quoting *Roso-Lino Beverage Distribs., Inc. v. Coca-Cola Bottling Co.*, 749 F.2d 124, 125-26) (2d Cir. 1984)).  Here, the evidence reflects that Potlongo would lose the ability to serve as an independent contractor in the only field in which he has experience, his ongoing means of making a living that represents many years of effort.  That harm constitutes irreparable injury.

At oral argument, Herff Jones argued that any restrictions on Potlongo's ability to pursue his livelihood were limited, both to the previous schools he served and the previous products he sold.  After reviewing the Agreement and Herff Jones' own plea for injunction in the Indiana arbitration proceeding, however, the Court is persuaded that the restrictions would infringe on Potlongo's livelihood sufficiently to create a likelihood of irreparable injury.  The Agreement states that Potlongo "will not compete, directly or indirectly (nor receive, in any form, benefit (directly or indirectly) from a competitor of the company) in the Territory against Company, any of its sales representatives, employees or other authorized agents, or any of its subsidiaries or affiliates."  (Agreement ¶ 12.1.)  Moreover, under the Agreement, Potlongo could be enjoined from

___

**CIVIL MINUTES – GENERAL**        **10**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-1624-JLS-DFMx                                                                          Date: November 06, 2017
Title: Raymond J. Potlongo, et al., v. Herff Jones, et al.

"selling, marketing, manufacturing, creating, servicing, leasing or purchasing Products and/or Related Company Products (or products that are similar in form or function to such Products and/or Related Company Products) in the Territory" for four years.  (*Id.*)  Based on this clause, Herff Jones requested that the Indiana arbitrator enter an injunction against Potlongo as follows: "enjoining [Potlongo] from making any independent use of his business and goodwill or using it to benefit any other person or organization;" "enjoining and restraining [Potlongo] from soliciting and/or accepting business from any person, company or firm with whom [he] had contact while . . . a representative of Herff Jones;" and "enjoining and restraining [Potlongo] from competing (as defined in the Agreement) with Herff Jones or accepting business from any person, company or firm in the Territory."  (Arb. Complaint, Doc. 20-5 at 10-12.)  Having argued in favor of broad restrictions in the Indiana arbitration, the Court gives little credence to Herff Jones' position in this litigation that  Potlongo could easily work around the non-compete provision.

Accordingly, the Court finds that Potlongo has established a likelihood of irreparable harm absent a preliminary injunction, and this prong weighs in favor of the issuance of a preliminary injunction.

### D.     Balance of Equities

A party seeking a preliminary injunction must establish that "the balance of equities tips in his favor."  *Winter*, 555 U.S. at 20.  In assessing this prong, a court must "balance the interests of all parties and weigh the damage to each."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009) (quoting *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980)).

Having concluded that Potlongo has established a likelihood of irreparable injury absent an injunction, the Court weighs this hardship against the hardship Herff Jones would face should the injunction issue.  Herff Jones argues that it would be harmed because Potlongo is "likely to utilize the confidential and proprietary information [he] obtained through [his] relationship with Herff Jones" to benefit his new employer.  (Opp. at 22.)  The trade secrets they identify are "county summaries of sales and commission, listed by school and by product."  (*Id.* at 22.)  Moreover, Herff Jones argues that without

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:17-cv-1624-JLS-DFMx | Date: November 06, 2017 |
| Title: Raymond J. Potlongo, et al., v. Herff Jones, et al. | |

the ability to enjoin Potlongo from competing, it will not be able "to provide the *exclusive* right to that territory" to a new Herff Jones representative (*Id*. at 22-23.)

Herff Jones has not put forward sufficient evidence for the Court to determine whether the sales summaries constitute a legally protected trade secret. Suffice it to say that Herff Jones' speculation about Potlongo's possible use of those summaries does not amount to hardship. And, of course, lost sales that result merely from free and open competition promoted by section 16600 is not a cognizable harm under California law. Balancing any potential losses by Herff Jones against the injury Potlongo would suffer in absence of the injunction, the Court concludes that the balance of equities tips in favor of Potlongo. *See Robinson v. Jardine Ins. Brokers Intern. Ltd.*, 856 F. Supp. 554, 559 (N.D. Cal. 1994) (finding balance of hardships favoring plaintiff where "[d]efendant has failed to explain how the potential loss of a few clients and employees to a company of its size the hardship to an individual employee in [p]laintiff's position"); *TMX Funding, Inc. v. Impero Technologies, Inc.*, No. C 10-202-JF, 2010 WL 2745484 at *8 (N.D. Cal. July 9, 2010) (noting that restrictions on ability to pursue livelihood "severely damage" and "severely impact[] employment prospects such that the balance of equities tipped towards employee).

Therefore, this prong weighs in favor of the issuance of a preliminary injunction.

### E. <u>Public Interest</u>

A party seeking a preliminary injunction must establish that "an injunction is in the public interest." *Winter*, 555 U.S. at 20. The party seeking the injunction bears the initial burden of showing that the injunction is in the public interest. *Stormans*, 586 F.3d at 1139. However, a court need not consider public consequences that are "highly speculative." *Id.* In other words, a court should weigh the public interest in light of the "*likely* consequences of the injunction." *Id.*

The Court concludes that entering an injunction aligns with California's strong public policy against the enforcement of non-compete provisions. Potlongo has identified that entering the injunction supports "the rights of the public to be free from illegal restraints of trade, unfair competition, and violations of" California law. (Mem. at

___

**CIVIL MINUTES – GENERAL**        12

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-1624-JLS-DFMx                               Date: November 06, 2017
Title: Raymond J. Potlongo, et al., v. Herff Jones, et al.

23.)  Herff Jones does not identify any countervailing considerations regarding the public interest.  Therefore, this prong weighs in favor the issuance of a preliminary injunction.

**IV.      CONCLUSION**

Because all four prongs weigh in favor of the issuance of a preliminary injunction, the Court GRANT's Potlongo's Motion for Preliminary Injunction.  The Court orders as follows:

1.     The Court hereby preliminarily ENJOINS Defendants Herff, its agents, servants, employees, attorneys and assigns and anyone purporting to act on its behalf from enforcing or taking any action to enforce: (1) the Option to Purchase contained in Section 11 and (2) the Covenant Not to Compete in Section 12 of that certain Sales Representative Agreement entered into by Plaintiffs and Herff on August 18, 2014 attached as Exhibit "1" to the Declaration of Raymond J. Potlongo, Jr. in Support of Plaintiffs' Motion for Preliminary Injunction and Exhibit "2" on file in the First Amended Complaint herein pending resolution of the merits of this case or further order of this Court.

2.     This Preliminary Injunction shall take effect immediately and shall remain in effect pending resolution of the merits of this case or further order of this Court.

3.     The Court further finds that the balance of potential hardships each party will suffer as a result of the preliminary injunction weighs overwhelmingly in Plaintiffs' favor and that Plaintiffs have established a strong likelihood of success on the merits.  As such, the Court hereby exercises its discretion to waive the bond requirement for this preliminary injunction.[3]

                                                                                Initials of Preparer:  tg

---

[3] Herff Jones did not address the issue of bond in either its opposition motion or at oral argument.  Following the hearing, Herff Jones filed a Request for Leave of Court to Present Evidence and Argument Related to Bond.  (Doc. 37.)  Herff Jones has not shown good cause why it did not address this issue in its papers or at oral argument.  As such, the Court concludes that it has waived its opportunity to present evidence regarding the bond.