UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01624-JLS-DFM                               Date: February 26, 2019
Title: Raymond J. Potlongo, et al. v. Herff Jones, LCC, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

      Not Present                                                            Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: AUTOMATIC BANKRUPTCY STAY**

    On January 11, 2019, Plaintiffs Raymond Potlongo and Grads R Us filed for bankruptcy. (*See* Doc. 98.) Plaintiffs indicated that they intended to continue with this action "subject to approval by the Chapter 7 Trustee and the United States Bankruptcy Court." (*Id.*) On February 20, 2019, Plaintiffs' Chapter 7 Trustee, Jeffrey Goldstein, filed a "Notice of Bankruptcy Filing and Automatic Stay." (*See* Doc. 99.) Goldstein stated that "the automatic stay pursuant to [11 U.S.C. § 362(a)(1)] is in effect with respect to this litigation." (*Id.*) However, § 362(a)(1) provides for an automatic stay of "proceedings *against* the debtor." This action is brought *by* the debtors (Plaintiffs). "Unlike situations where the debtor is the defendant in litigation, the automatic stay provision of the bankruptcy code does not freeze litigation where the debtor is the plaintiff." *Worth v. Tamarack American, a Div. of Great American Ins. Co.*, 47 F. Supp. 2d 1087, 1099 n.9 (S.D. Ind. 1999); *see also Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.1989) ("For in any event the automatic stay is inapplicable to suits by the bankrupt ('debtor,' as he is now called.)"); *Kilmer v. Flocar, Inc.*, 212 F.R.D. 66, 73 (N.D.N.Y. 2002) ("The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate.") Thus, it does not appear that an automatic stay is warranted pursuant to § 362(a)(1).

    Accordingly, the Court ORDERS Goldstein to show cause, in writing, no later than March 1, 2019, why there should be an automatic stay in this action.

                                                           Initials of Preparer: tg